GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT CREAGH,

                Plaintiff,                       **COMPLAINT**

       -against-                             Dkt. No.:

BUREAU VERITAS CERTIFICATION
NORTH AMERICA, INC.,
BUREAU VERITAS NATIONAL ELEVATOR
INSPECTION SERVICES, INC., also known as
NATIONAL ELEVATOR
INSPECTION SERVICE ACQUISITIONS, INC. ,

                Defendants.

------------------------------------------------------------------------X

      Plaintiff Robert Creagh, by his attorneys Giskan Solotaroff & Anderson LLP, for his complaint against Defendants Bureau Veritas Certification North America, Inc. and Bureau Veritas National Elevator Inspection Services, Inc., also known as National Elevator Inspection Service Acquisitions, Inc. (collectively "Bureau Veritas") alleges as follows:

**Preliminary Statement**

      1.      Mr. Creagh alleges on behalf of himself, and other similarly situated, current and former Bureau Veritas employees who work as elevator inspectors and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA) ("the Collective Action Members") , 29

U.S.C. §216 (b), that they are: (i) entitled to unpaid overtime wages for their work, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §201 et seq.

2. Mr. Creagh also alleges that he, along with a class of Bureau Veritas employees who work as elevator inspectors in the State of New York ("the New York Class") are entitled to unpaid overtime wages liquidated damages under the New York State Labor Law.

3. Bureau Veritas pays its elevator inspectors on what is essentially a piecework basis, paying them a certain amount for each inspection. However, when the elevator inspectors work in excess of 40 hours per week, which many of them do on a regular basis, Bureau Veritas does not pay them time and a half compensation as required by FLSA and the New York Labor Law. Mr. Creagh, along with the other elevator inspectors, was not exempt from the requirement to be paid time and a half wages for overtime work. Mr. Creagh and other elevator inspectors regularly worked overtime and were not paid one and a half times premium compensation for hours that exceeded 40 hours weekly.

4. In addition, Bureau Veritas violated §195 of the New York Labor Law by not providing the elevator inspectors who worked in New York with wage statements that provided the basis of pay and the regular and overtime hours worked.

## THE PARTIES

5. Plaintiff Robert Creagh is domiciled in Lido Beach, New York.

6. Defendant Bureau Veritas Certification North America is a corporation organized under the laws of Delaware with its principal place of business in New York, New York.

7. Defendant Bureau Veritas National Elevator Inspection Services, Inc., also known as National Elevator Inspection Service Acquisitions, Inc. is, on information and belief, a

corporation organized under the laws of Delaware with a principal place of business in Sunrise, Florida.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C.§ 216 (b).

9. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in this District.

10. This Court has personal jurisdiction over Defendant because it operates and employed Plaintiff within New York State.

## FACTS

### A. The FLSA and N.Y. Labor Law Claims.

11. Bureau Veritas Certification North America Inc. is the North American subsidiary of Bureau Veritas, a large multinational corporation which describes itself as a "world leader in laboratory testing, inspection and certification services [with] more than 78,000 employees located in more than 1,600 offices and laboratories around the globe."

12. Bureau Veritas Certification North America Inc, conducts elevation inspection services through a subsidiary Bureau Veritas National Elevator Inspection Services Inc., which was at times identified on Mr. Creagh's payroll documents as National Elevator Inspection Service Acquisitions, Inc.

13. Mr. Creagh began working for Bureau Veritas as an Elevator Inspector in November 2008 and worked in that role until December 2020 when he resigned to take another position.

14. Mr. Creagh and the other elevator inspectors with whom he worked regularly worked in excess of 40 hours per week. Mr. Creagh often worked as much as 16 hours a day and often worked one or both days of the weekend. Mr. Creagh conservatively estimates that he worked between 70 and 80 hours a week throughout his employment.

15. Mr. Creagh often worked with, and communicated with during the workday, other Bureau Veritas elevator inspectors and as a result is aware that the other inspectors regularly worked over 40 hours per week.

16. Bureau Veritas paid Mr. Creagh and the other elevator inspectors on a piecework basis with the inspectors receiving a payment for each inspection.

17. Under the FLSA, "[w]hen an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). 29 C.F.R. § 778.111. For hours that exceed 40 hours per week, "the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." Id.

18. Similarly, under New York law, "[t]he term *regular rate* shall mean the amount that the employee is regularly paid for each hour of work. When an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be

determined by dividing the total hours worked during the week into the employees' total earnings." 12 NYCRR § 142-2.16. Like federal law, New York law requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate." 12 NYCRR § 142-2.2.

19. Bureau Veritas failed to pay Mr. Creagh and the other elevator inspectors one and half times their regular rate for hours that exceeded forty hours per week.

20. Mr. Creagh and the other elevator inspectors were not subject to any exemption under the FLSA or the New York Labor Law from the requirement to pay overtime wages.

21. In addition, Bureau Veritas failed to provide Mr. Creagh and the other elevator inspectors who worked in New York with the wage statements required by New York Labor Law §195(3).

22. That provision requires employers to provide employees with a statement that contains specific information with each wage payment. For employees not exempt from overtime, the statement must include "the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked. applicable piece rate or rates of pay and number of pieces completed at each piece rate."

23. Bureau Veritas failed to provide the elevator inspectors who worked in New York statements with that required information.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of all persons who are or were employed by Bureau Veritas as

elevator inspectors and who have not been paid overtime wages at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of forty per workweek in violation of the FLSA (the "Collective Action Members") at any time since May 16, 2019, to the entry of judgment in this case (the "Collective Action Period").

25. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Bureau Veritas, upon information and belief, there are over 40 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

26. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

27. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

28. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

A. Whether Bureau Veritas employed the Collective Action Members within the meaning of the FLSA;

B. Whether Bureau Veritas failed to pay the Collective Action Members one and one-half times the employee's hourly wage for hours that exceeded 40 hours per week;

C. Whether Bureau Veritas's violations of the FLSA are willful as that term is used within the context of the FLSA;

D. Whether Bureau Veritas is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

E. Whether Bureau Veritas should be enjoined from violations of the FLSA in the future.

29. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

30. Plaintiff sues on his own behalf and on behalf of the Rule 23 class under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

31. Plaintiff brings New York Labor Law claims on behalf of the New York Class which consists of all persons who are or were employed by Bureau Veritas as elevator inspectors in the State of New York at any time since May 16, 2016, to the entry of judgment in this case (the "Class Period").

32. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole

control of Bureau Veritas, upon information and belief, there are at least 40 members of the New York Class during the Class Period.

33. The claims of Plaintiff are typical of the claims of the New York Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

34. Bureau Veritas has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

35. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

36. Plaintiff has the same interests in this matter as all other members of the New York Class and Plaintiff has no interest that is contrary to or in conflict with the members of the Class.

37. Plaintiff's claims are typical of the New York Class.

38. There are questions of law and fact common to the New York Class which predominate over any questions solely affecting the individual members of the class, including but not limited to:

    a. Whether Bureau Veritas employed the members of the New York Class within the meaning of the New York Labor Law;

    b. Whether Bureau Veritas failed to pay members of the New York Class one and

one-half times the employee's hourly wage for hours that exceeded 40 hours per week;

 c. Whether Bureau Veritas failed to provide members of the New York Class the wage statements required by New York Labor Law §195(3):

 d. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

 e. Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

**FIRST CLAIM FOR RELIEF**
(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 et seq.)

39. For this cause of action, "Plaintiffs" refers to the named Plaintiff and any other employee of Bureau Veritas who works as an elevator inspector and who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations contained in the foregoing paragraphs.

40. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Creagh's written consent is attached hereto as Exhibit A and incorporated by reference.

41. At all times relevant to this action, Plaintiffs were employed by Bureau Veritas within the meaning of the FLSA.

42. At all times relevant to this action, Plaintiffs were engaged in commerce and/or Bureau Veritas was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

43. Bureau Veritas willfully failed to pay Plaintiffs one and one-half times the

employee's regular rate for hours that exceeded 40 hours per week.

44.     Due to Bureau Veritas's FLSA violations, Plaintiffs are entitled to recover from Bureau Veritas, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
(NEW YORK LABOR LAW §§ 190 et seq, 650 et seq)

45.     Plaintiff alleges and incorporates by reference the foregoing allegations.

46.     At all times relevant to this action, Plaintiff and the members of the New York Class were employed by Bureau Veritas within the meaning of New York Labor Law §§ 2, 190 and 651.

47.     Bureau Veritas willfully violated the rights of Plaintiff and the New York Class by failing to pay them one and one-half times their regular rate for hours that exceeded 40 hours per week in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

48.     Due to Bureau Veritas's New York Labor Law violations, Plaintiff and the New York Class are entitled to recover from Bureau Veritas their unpaid overtime compensation, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

### THIRD CLAIM FOR RELIEF
(NEW YORK LABOR LAW §§ 195(3), 198(1-d).

49.     Plaintiff alleges and incorporates by reference the foregoing allegations.

50.     At all times relevant to this action, Plaintiff and the members of the New York Class were employed by Bureau Veritas within the meaning of New York Labor Law §§ 2,

190 and 651.

51. Bureau Veritas willfully violated the rights of Plaintiff and the New York Class by failing to provide them with wage statements that included "the applicable piece rate or rates of pay and number of pieces completed at each piece rate."

52. Due to Bureau Veritas's New York Labor Law violations, Plaintiff and the New York Class are each entitled to recover two hundred fifty dollars for each workday that the violations occurred to a total of five thousand dollars.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Certify this action as a collective action pursuant to 29 U.S.C. § 207;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

C. Declare Bureau Veritas's conduct complained of herein to be in violation of the rights of Plaintiff and the Collective Action Members under the FLSA and the rights of Plaintiff and the New York Class under the New York State Labor Law;

D. Award Plaintiff and the Collective Action Members their unpaid overtime compensation under the FLSA;

E. Award Plaintiff and the New York Class their unpaid overtime compensation, pursuant to the New York State Labor Law and the New York State Department of Labor Regulations;

F. Award Plaintiff and the Collective Action Members liquidated damages due to Bureau Veritas's willful failure to pay them overtime compensation pursuant to 29 U.S.C. § 216;

G. Award Plaintiff and the New York Class liquidated damages pursuant to New York Labor Law §198(1-a);

H. Award Plaintiff and the New York Class damages pursuant to New York Labor law §198 (1-d);

I. Award Plaintiff, the Collective Action Members, and the New York Class prejudgment interest;

J. Award Plaintiff, the Collective Action Members, and the New York Class attorneys' fees and the costs of this action; and

Such other relief as the Court deems necessary and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
May 16, 2022

GISKAN, SOLOTAROFF & ANDERSON LLP

By: _____/s/_____
Jason L. Solotaroff
90 Broad Street
New York, New York 10004
646-964-9604
jsolotaroff@gslawny.com
*ATTORNEYS FOR PLAINTIFF*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ROBERT CREAGH,

                Plaintiff,

  -against-                                      Dkt. No.:

BUREAU VERITAS CERTIFICATION
NORTH AMERICA, INC.,
BUREAU VERITAS NATIONAL ELEVATOR
INSPECTION SERVICES, INC., also known as
NATIONAL ELEVATOR
INSPECTION SERVICE ACQUISITIONS, INC. ,

                Defendants.

------------------------------------------------------------------------X

**CONSENT PURSUANT TO 29 U.S.C. § 216(b)**

      Pursuant to 29 U.S. C. § 216(B ), I consent to be a party plaintiff in the above-captioned lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA").

Dated:      New York, New York
               May 16, 2022

                                              *robert j creagh* (May 16, 2022 17:00 EDT)
                                              ROBERT CREAGH